FILED
2016 Oct-18 PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| BENTLEY AUTOMOTIVE, INC., ) <br> BENTLEY AUTO, INC., and ) <br> BENTLEY GROUP, INC., ) <br>          ) <br>     Plaintiffs, ) <br>          ) Case No: <br> vs.      ) <br>          ) _____ <br> GREENWAY AUTOMOTIVE GROUP,) <br> GREENWAY AUTOMOTIVE   ) Pending in the Circuit Court of <br> VENTURES, LLC, UNIVERSITY ) Madison County, Alabama <br> HYUNDAI OF DECATUR, INC., ) CV-2016-901600 <br> DECATUR HYUNDAI, INC.,    ) <br> UNIVERSITY AUTO, INC., and ) <br> JERRY DAVIS,     ) <br>          ) <br>     Defendants. ) | |

## **NOTICE OF REMOVAL**

COME NOW the defendants in this case, Greenway Automotive, Inc. ("GA"), improperly identified as Greenway Automotive Group, Inc., Greenway Automotive Ventures, LLC ("GAV"), University Hyundai of Decatur, Inc. ("UHD"), Decatur Hyundai, Inc. ("DH"), and University Automotive, Inc. ("UA"), improperly identified as University Auto, Inc., and submit their Notice of Removal ("Notice"), pursuant to 28 U.S.C. §§ 1441 and 1446, and hereby give notice of removal of this case from the Circuit Court of Madison County, Alabama to this Court. As grounds for their Notice, these defendants state as follows:

   1.   The above-referenced defendants assert the following in accordance with the

requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal."

I. **REMOVAL IS TIMELY AND VENUE IS PROPER.**

2.  The plaintiffs (Bentley Automotive, Inc., Bentley Auto, Inc., and Bentley Group, Inc.) filed suit in the Circuit Court of Madison County, Alabama on September 29, 2016 against the defendants as a result of alleged trademark violations of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.,* cybersquatting under the Anti-cybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125, and other alleged wrongdoing involving the defendants' allegedly improper use and registration of three domain names or websites.

3.  The defendants filing this Notice were served on the following dates:

    1.  GA:     October 6, 2016
    2.  GAV:    October 6, 2016
    3.  UHD:    October 4, 2016
    4.  DH:     October 5, 2016
    5.  UA:     October 4, 2016

(See Case Action Summary Sheet, Exhibit "A"). As of the date this Notice was filed, Jerry Davis has not been served. The undersigned counsel represents Mr. Davis.

4.  Since the above-referenced defendants were served less than thirty (30) days before the filing of this Notice, this Notice is timely and within the thirty (30) day time frame

set forth in 28 U.S.C. § 1446(b).

5. Venue is proper in this Court because Madison County, Alabama is located in the United States District Court for the Northern District of Alabama, Northeastern Division. The plaintiffs even state that venue is proper under "28 U.S.C. § 1391(b)(1) in that the plaintiffs reside in Madison County, Alabama" and because "a substantial part of the events giving rise to the claims occurred in and/or were directed at Madison County, Alabama." (See Plaintiffs' Complaint, ¶ 7, Exhibit "B").

## II. JURISDICTION UNDER THE ACPA.

6. This case is removable by reason of federal question jurisdiction because it arises under the Constitution, laws or treaties of the United States of America. Specifically, two of the plaintiffs' four claims arise under and are based on the ACPA and/or other provisions of the Lanham Act.

7. The allegations in the plaintiffs' complaint establish that this Court has jurisdiction over this case. Indeed, the plaintiffs' complaint asserts claims for "false designation of origin and cybersquatting under the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as related claims arising under state law." (See Plaintiffs' Complaint, ¶ 4, Exhibit "B"). Likewise, the complaint states that subject matter jurisdiction exists "over the Lanham Act claims asserted in this Complaint under 15 U.S.C. § 1125(a) and 28 U.S.C. §§ 1331 and 1338(a)." *Id.* at ¶ 5.

8. The plaintiffs allege that the defendants wilfully and intentionally preemptively

registered domain names or websites related to Hyundai Motors' award of the "Genesis" automobile brand to the plaintiffs. (See Plaintiffs' Complaint, ¶¶ 23-35, Exhibit "B"). As a result, the plaintiffs assert four separate claims against the defendants: (1) intentional interference with a business relationship; (2) common law trademark infringement under Alabama law; (3) false designation of origin under the Lanham Act; and (4) cybersquatting "under federal law." *Id.* at Counts I - IV.

9. Additionally, the plaintiffs seek injunctive relief and filed a motion for preliminary injunction on the same day they filed their complaint. (See Plaintiffs' Opposed Motion for Preliminary Injunction, Exhibit "C"). The plaintiffs also seek recovery of monetary damages available under 15 U.S.C. § 1117(a). (See Plaintiffs' Complaint, ¶¶ 77 and 78, Exhibit "B").

10. It is well established that a claim arises under federal law within the meaning of § 1331 if the "federal question is presented on the face of the plaintiffs' properly pleaded complaint," which is known as the well-pleaded complaint rule. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S. Ct. 24, 25, 96 Law. Ed. 2d 318 (1987). Here, the plaintiffs assert a federal causes of action in Count IV for cybersquatting and "false designation of origin" in Count III, both of which are claims asserted under 15 U.S.C. § 1125(a).

11. Under 15 U.S.C. § 1121 of the Lanham Act, the "district and territorial courts of the United States shall have original jurisdiction and the Courts of Appeal of the United

States (other than the United States Court of Appeals for the Federal Circuit) shall have appellate jurisdiction, of all actions arising under this chapter [the Lanham Act], without regard to the amount in controversy or to diversity or to lack of diversity of the citizenship of the parties." 15 U.S.C. § 1121.  Thus, the plaintiffs' complaint plainly presents a federal question over which this Court has subject matter jurisdiction.  Likewise, the plaintiffs acknowledge that subject matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1338(a).

12. Further, this Court has supplemental jurisdiction over the plaintiffs' state law claims asserted in Count I and Count II under 28 U.S.C. § 1367(a).  The plaintiffs' intentional interference with a business relationship claim in Count I and common law trademark infringement claim in Count II do not raise novel or complex issues of Alabama law.  Additionally, these state law claims do not substantially predominate over the plaintiffs' ACPA claims.  To the contrary, the plaintiffs' Lanham Act and ACPA claims predominate this case, especially since the plaintiffs seek recovery of remedies and damages under these statutes.  Therefore, this Court has supplemental jurisdiction over the plaintiffs' state law claims.

13. The defendants have attached hereto as Exhibit "D" a copy of all process, pleadings and orders from the state court action.

14. A Notice of Filing Notice of Removal, along with a copy of this Notice of Removal, has been filed in the Circuit Court of Madison County, Alabama.

### III.  CONCLUSION

15. For the reasons set forth above, removal is proper under 28 U.S.C. § 1441 because this Court has original jurisdiction and proper under 28 U.S.C. § 1367(a) because this Court has supplemental jurisdiction over the plaintiffs' state law claims.

WHEREFORE, PREMISES CONSIDERED, the defendants hereby remove this action to the United States District Court for the Northern District of Alabama, Northeastern Division.

                    Respectfully submitted,

                    */s/ Jess S. Boone*
                    Jess S. Boone (BOO031)
                    jboone@friedman-lawyers.com
                    Attorney for Defendants

**OF COUNSEL:**
FRIEDMAN, DAZZIO ZULANAS & BOWLING, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242

### CERTIFICATE OF SERVICE

I hereby certify I have enclosed a copy of the foregoing pleading to be served on counsel for all parties by placing copies thereof in the United States Mail, first class postage prepaid and properly addressed, on this the 18th day of October, 2016.

David Vance Lucas
G. Bartley Loftin, III
Bradley Arant Boult Cummings, LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801
dlucas@bradley.com
bloftin@bradley.com

                    */s/ Jess S. Boone*
                    OF COUNSEL